# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO LICON, | CASE NO. 05cv2389-LAB (BLM) |
| Petitioner, | **ORDER ADOPTING REPORT AND RECOMMENDATION; AND ORDER DENYING CERTIFICATE OF APPEALABILITY** |
| vs. | |
| JOHN MARSHALL, Warden, | |
| Respondent. | |

Petitioner was convicted in California state court on charges of misdemeanor child molestation, obstructing or resisting an executive officer, and making terrorist threats. He filed his petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 on December 30, 2005. On March 22, 2006, Respondent filed his answer to the Petitioner and moved to dismiss, as ordered by Magistrate Judge Nita Stormes. Judge Stormes originally directed Petitioner to file his opposition to the motion to dismiss no later than April 25, 2006 and his traverse no later than May 15, 2006. Petitioner never filed any opposition and, although Magistrate Judge Stormes and Magistrate Judge Barbara Major three times extended the time for Petitioner to file his traverse, he never did so.

Pursuant to 28 U.S.C. § 636, Judge Major issued her report and recommendation (the "R&R"), recommending that the Petition be denied and dismissed with prejudice. On November 1, 2006, Petitioner filed a motion for an extension of time in which to file his objections to the R&R, which the Court granted. On December 15, Petitioner again moved for an extension of time to file his objections.

/ / /

- 1 -

1    That same day, he filed his objections.  The Court denied Petitioner's motion to extend the time yet

2    again so that he could supplement his objections, and accepted his objections as filed.

3        Because Petitioner never filed any opposition or traverse, his only pleadings addressing the

4    substance of his claim are his Petition and his objections to the R&R.

5        On January 29, 2007, Petitioner also filed a motion requesting a certificate of appealability.

6    He wishes to appeal Judge Major's order of July 25, 2006 denying him appointed counsel.  Petitioner

7    says he believed his motion filed July 10, 2006 requested a certificate of appealability.

8    **I.**     **Legal Standards**

9        A district court has jurisdiction to review a Magistrate Judge's report and recommendation

10   concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case

11   is assigned shall make a de novo determination upon the record, or after additional evidence, of any

12   portion of the magistrate judge's disposition to which specific written objection has been made in

13   accordance with this rule." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept,

14   reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

15   28 U.S.C. § 636(b)(1)(C). Thus, this Court must review those parts of the report and recommendation

16   to which a party has filed a written objection.

17       Allegations asserted by *pro se* petitioners, "however inartfully pleaded," are held "to less

18   stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519–20

19   (1972).  Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the

20   same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

21   **II.**    **Discussion**

22       **A.**     **Certificate of Appealability**

23       The Court has reviewed Petitioner's filing of July 10, 2006 and does not agree that he

24   previously requested a certificate of appealability.  The Court therefore construes his motion of January

25   29, 2007 to be a new motion for a certificate of appealability of the Court's denial of appointment of

26   counsel.

27       Ordinarily, denial of appointed counsel in a habeas proceeding is not interlocutorily appealable.

28   *Kuster v. Block*, 773 F.2d 1048, 1049 (9th Cir. 1985).  Furthermore, Petitioner's request is based on

1   his claimed need for assistance with legal research he says is needed to support his habeas petition;

2   this request, however, comes after the time for him to file substantive pleadings is past.  Petitioner's

3   request is therefore also moot.

4       **B.      Objections to the R&R**

5       Petitioner objects to only part of the R&R, that portion addressing his ineffective assistance

6   of counsel claims.   Petitioner believes his counsel should have called two alibi witnesses, the

7   Flemings;[1] raised an issue concerning a hearing based on *People v. Marsden*, 2 Cal.3d 118 (1970) on

8   direct appeal; answered his many phone calls personally instead of relying on an assistant or answering

9   machine; and returned calls more frequently.  He complains of his counsel keeping the Flemings

10  waiting for several hours and misleading him regarding specifically what evidence would be presented,

11  and  that one of his attorneys at one time said he did not think he could represent Petitioner effectively.

12  A review of Petitioner's pleadings and the record at trial makes clear Petitioner vehemently disagreed

13  with many of his attorney's decisions during trial regarding how best to conduct his defense.  Besides

14  disagreeing with his attorney's decision not to call the Flemings, Petitioner sought to direct the manner

15  in which witnesses were questioned, and what questions they would be asked.

16      Other than the question of Petitioner's counsel communication with him by phone, the R&R

17  dealt in great depth with all the issues Petitioner's objections raise.  The Court has reviewed the R&R,

18  Petitioner's objections thereto, and the record.  The Court has conducted a *de novo* review of all issues

19  in the R&R to which Petitioner filed an objection, and finds the R&R to be correct.

20      The R&R dealt generally with Petitioner's working relationship with his counsel, and the

21  particular issue of whether the allegedly inadequate telephone communications was first raised in

22  Petitioner's objections to the R&R.  The Petition only dealt with the issue of communication in a

23  general way, alleging it was poor, and the R&R addressed these arguments.  As the R&R noted, the

24  Sixth Amendment right to counsel does not extend so far as to require good rapport or a meaningful

25  working relationship between the defendant as his counsel.  *See Morris v. Slappy*, 461 U.S. 1, 13–14

26  (1983).

27

28      [1] According to Petitioner, the decision not to call the Flemings was made during trial.  (Obj.
    at 2:17–21.)

1   The Court therefore construes this objection as a request to amend the Petition to include

2   specific allegations of poor telephone communication.  On the basis of Petitioner's objections,  it is

3   apparent he called his counsel numerous times and left messages either with an assistant or on

4   an answering machine.  He states his counsel or his counsel's assistant sometimes answered his

5   questions but sometimes did not reply.

6   To prevail on a claim of ineffective assistance of counsel, petitioner must show 1) his attorney's

7   performance was unreasonable under prevailing professional standards; and 2) there is a reasonable

8   probability that but for counsel's unprofessional errors, the results would have been different.  *United*

9   *States v. Span*, 75 F.3d 1383, 1387 (9th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687

10   (1984)).  Petitioner has not, however, attempted to show that his counsel's failure to be easily available

11   by phone or to spend as much time talking with him as he would have wished met either of these

12   requirements.

13   Theoretically, an attorney's failure or refusal to speak frequently by phone with her client could

14   constitute ineffective assistance of counsel.    A client must be consulted concerning certain critical

15   decisions (*e.g.*, the decision to waive a jury trial or plead guilty testify in his own behalf, or take an

16   appeal) and should be given an explanation of proposed overarching trial strategy.  *Florida v. Nixon*,

17   543 U.S. 175, 187 (2004).  However,  Petitioner's pleadings, taken as a whole, make clear he and his

18   counsel were communicating regarding his case, that his counsel was aware of what Petitioner wished

19   to communicate, and that his counsel consulted with Petitioner regarding his defense generally.

20   Therefore, amending the Petition to include more specific allegations about telephone communications

21   would be futile.

22   To a lesser extent, Petitioner is indirectly pointing out that his counsel did not follow his

23   direction regarding how to present his defense; however, this objection is dealt with in the remainder

24   of the R&R.  Furthermore, the Court notes that as a general matter, an attorney "has — and must have

25   — full authority to manage the conduct of the trial."  *Taylor v. Illinois*, 484 U.S. 400, 417–18 (1988).

26   However, an attorney must be allowed to manage ordinary tactical decisions, such as whether to put

27   certain witnesses on the stand or whether to cross-examine certain witnesses.  *Taylor*, 484 U.S. at

28   417–18.  This includes any ordinary tactical decisions made during trial that might contravene what

1   the client believed would happen; the authority to manage trial tactics must include the authority of

2   counsel to change their tactics during trial.

3         Because Petitioner does not, and cannot, demonstrate either that his counsel performed

4   unreasonably as judged by prevailing professional standards, or that he was prejudiced by his counsel's

5   limited availability, this cannot form the basis for an ineffective assistance of counsel claim.

6         On the basis of Petitioner's repeated requests for additional time to conduct legal research, the

7   Court infers Petitioner believes the defects in his case primarily arise from his failure to cite the

8   property authority, and might be remedied by finding and citing that authority. This is not the case.

9   The defects identified in those portions of the R&R to which Petitioner objects are primarily based on

10   facts Petitioner is familiar with. Petitioner is well acquainted with his own case and with the facts he

11   believes might have helped his case.

12         Petitioner has known of Respondent's arguments for dismissal since March of 2006. The

13   Petition makes clear Petitioner knew the legal basis for his claims. Petitioner was given ample time

14   to consider the arguments he wished to present. If the defects identified in the R&R could be cured

15   by providing the information identified as necessary but missing, Petitioner could have done so in the

16   months after he received the R&R and was directed to file his objections. At the very least, he might

17   have made some attempt at showing he could cure them. He has not done so, however.

18         To give a limited example, Petitioner initially asserted that the Flemings would testify that he

19   was elsewhere when the crimes with which he was charged were committed. (Petition at 9.) Although

20   both Respondent's Answer and the R&R pointed out to him that he was required to show by affidavit

21   or exhibit what their testimony would have been (Answer at 15:23–28, R&R at 34:8–16), and the R&R

22   directed him to file his objections, Petitioner neither cured this defect, nor attempted to cure it, nor

23   shown he could cure it if given the opportunity, nor objected to the legal requirement as set forth in

24   the R&R. Rather, he merely repeated his initial assertions. (Objections at 2:7–25.) This is not an

25   isolated example, even with regard to the issue of the Flemings' testimony. Petitioner has continued

26   to follow this same pattern. It is therefore apparent the defects in the Petition cannot be cured by

27   amendment.

28   / / /

1

**III.     Conclusion and Order**

2          For these reasons, Petitioner's request for a certificate of appealability of Court's order denying

3    him appointed counsel is **DENIED AS MOOT**.  The Court **ADOPTS** the R&R, with the addition of

4    the analysis noted above. Petitioner's implied request for leave to amend the Petition to add more

5    specific allegations about poor communication is **DENIED**. The Petition is hereby **DENIED AND**

6    **DISMISSED WITH PREJUDICE**.

7

8          **IT IS SO ORDERED**.

9    DATED:  May 22, 2007

10

11                                            **HONORABLE LARRY ALAN BURNS**
                                              United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -                                                    05cv2389