1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 IGNACIO LICON,                                      CASE NO. 05cv2389-LAB (BLM)

12                                    Petitioner,     **ORDER DENYING REQUEST**
        vs.                                           **FOR EXPANDED CERTIFICATE**
13                                                    **OF APPEALABILITY**
   JOHN MARSHALL, Warden,

14                                   Respondent.

15

16          On May 23, 2007, the Court issued its order dismissing Petitioner's habeas petition with

17 prejudice.  On June 18, 2007, Petitioner filed a motion for extension of time to apply for a certificate

18 of appealability (the "First Motion").  On June 29, 2007, the Court construed Petitioner's First Motion

19 as a request for a certificate of appealability ("COA"), granted the certificate of appealability,[1] and

20 denied as moot the request for additional time to seek a COA.

21          On July 5, 2007, Petitioner filed his notice of appeal and, at the same time, filed a motion for

22 a COA (the "Second Motion").  Previously, the Court granted Petitioner a COA as to the issue of

23 ineffective assistance of counsel.  The notice of appeal attaches the Court's order of June 29, 2007.

24 The Court construes this to mean Petitioner appealed the Court's ruling as to the ineffective assistance

25 of counsel issue. Petitioner's Second Motion continues for eight pages and identifies errors besides

26 _____

27          [1] Specifically, the Court granted the COA as to the ineffective assistance of counsel claims
   raised in the Petition and addressed in Petitioner's objections to the magistrate judge's report and
28 recommendations, but not as to other claims and other aspects of the ineffective assistance of counsel
   claim.

ineffective assistance of counsel.  The Court therefore construes the Second Motion as a motion for an expanded COA.

A notice of appeal deprives the trial court of jurisdiction over the matters properly appealed, but not over other matters not appealed, including the issue of sanctions.  *Masalosalo v. Stonewall Insurance Co.*, 718 F.2d 955, 956 (9th Cir. 1983).  To the extent Petitioner seeks a COA to appeal the ineffectiveness of counsel issue, the Court lacks jurisdiction under this rule.  Furthermore, the request is moot because the Court has already granted a COA as to this issue.

Petitioner also raises other issues including the Court's denial of appointed counsel; the Court's requirement that Petitioner file a traverse even though he contends his difficulty with the English language made it impossible; and the Court's failure to obtain tape recordings of hearings for Petitioner so he could compare them with written transcripts of hearings.  Petitioner also darkly alleges dishonesty on the part of attorneys and judges that was not specifically alleged in his Petition.

**I.    Discussion**

As an initial matter, while Petitioner's first request for a COA was timely, Petitioner's request for a COA as embodied in his Second Motion is late.  The Court previously denied as moot Petitioner's request for an extension of time in which to file his request for a certificate of appealability.  Under Fed. R. App. P. 4(a)(5)(A), "The district court may extend the time to file a notice of appeal if: (I) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) that party shows excusable neglect or good cause."  In view of Petitioner's late filing of his Second Motion, the Court now reconsiders its denial of an extension of time in which to file a request for a COA in light of the Second Motion, which the Court understands to contain the issues Petitioner wishes to raise.

As the Court has noted previously, Petitioner was given multiple extensions of time in which to research his claim.  In his First Motion, Petitioner gave as his reasons for needing an extension of time the facts that he works five days a week and can only use the law library one day a week.  He contended he needed additional time to conduct research.  Petitioner's eight-page Second Motion, however, shows little need for the kind of research Petitioner claims is necessary.  The Second Motion cites facts and makes allegations concerning Petitioner's trial and the contents of the R&R, which he

1   has known for quite a long time.  The Second Motion contains a few suggestions of error in the

2   Court's May 23 order, although in view of that order's brevity and the limited extent of Petitioner's

3   objections to it, Petitioner has not shown good cause for an extension of the usual 30-day period.  The

4   sole citation to authority is to *Jones v. Wood*, 114 F.3d 1002, 1008 (9th Cir. 1997) for the principle that

5   the Court must either review the record or conduct a hearing.  For reasons discussed below, the Court

6   holds this argument to be frivolous and Plaintiff has not shown why any additional time for research

7   might be needed.  Nor has Petitioner shown good cause or excusable neglect in any other way.

8   Therefore, having reconsidered Petitioner's request for an extension of time in which to seek a COA,

9   the Court again **DENIES** this request.

10      The procedures set forth in Fed. R. App. P. 4 are strictly construed, and there is no exception

11   for prisoners proceeding pro se. *Malone v. Avenenti*, 850 F.2d 569, 572 (9th Cir. 1988).  Because

12   Petitioner's request for a COA is untimely, it must be denied.  Even if it were timely, however, the

13   Court would deny it on the merits.

14      Petitioner has raised arguments which were not mentioned in his Petition, such as repeated

15   accusations that his counsel deliberately hid exculpatory evidence and attempted to persuade him to

16   incriminate himself with false testimony.  (*See, e.g.*, Second Motion at 5:14–15; 6:5–7; 17–21;

17   7:26–28.)  He requests, for the first time, the Court's assistance in obtaining recordings of state court

18   proceedings.  (*Id.* at 2:9–12.)  He also makes arguments that contradict his Petition, such as the new

19   claim that no crime was ever committed and the whole incident was a fabrication, which contradicts

20   his previous assertions that his witnesses would identify the place where the incident happened.  (*Id.*

21   at 5:14–16; 6:4, 8–9; 7:5–7.  *Compare* Pet. at 3 "[T]he Petitioner's witnesses Arnold Fleming and

22   Elvia Fleming differed from the testimony of [arresting officer] Fox of the location of the incident and

23   arrest[ ].")  His claims of error as to these arguments is legally frivolous.  In addition, Petitioner now

24   seeks to assign as error the Court's adoption of the R&R's findings of fact to which he did not object.

25   *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (stating that failure to object to a magistrate

26   judge's recommendation waives all objections to findings of fact).

27      Petitioner charges the Magistrate Judge with failure to review the record, in violation of

28   requirements set forth in *Jones*.  The 50-page R&R, however, is replete with numerous specific and

lengthy citations to the record below, including both the trial transcript and court rulings.  Some citations consist of lengthy verbatim quotations of the record.  The R&R both discusses and analyzes the record, including the trial transcript.  Petitioner's allegations against the Magistrate Judge are therefore obviously false.  Petitioner has laid a similar charge at the feet of this Court.  *Jones*, however, requires the <u>magistrate judge</u> to conduct an independent review of the record.  114 F.3d at 1008 ("In this instance, the magistrate judge did not hold a hearing.  Therefore, he was obligated to conduct an independent review of the state court record.")  With regard to a district court's responsibility to review the record, the Ninth Circuit has interpreted the language of 28 U.S.C. § 636(b)(1), and determined that the "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Under Fed. R. Civ. P. 72(b), the Court is required to "make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule."  In this case, the Court did review the record, particularly focusing on those portions to which Petitioner's objections pertained, and the Court explained that it did so.  (Order Adopting R&R, at 3:17–19.)

To the extent Petitioner may be arguing the Court was required to examine the entire record and create arguments on his behalf, he is in error.  It is not the Court's role to serve as an advocate for any litigant, even if the litigant is a *pro se* habeas petitioner.  *Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986).

Petitioner also repeatedly attempts to assign as error the Court's denial of appointed counsel to assist him with his traverse, and with his Petition generally.  He claims an inability to communicate in English and an unfamiliarity with legal terminology.  (*See, e.g.,* Second Motion at 1:19–26 ("Your big legal words confuse me and you did not even give me an attorney.  So how did you expect me to do the Traverse."))

Habeas petitioners have no Constitutional right to appointed counsel.  *Bonin v. Calderon*, 77 F.3d 1155, 1160 (9th Cir. 1996).  Furthermore, it is clear appointment of counsel is unnecessary in this case.  Petitioner has filed numerous pleadings in English.  While his writing is not perfect and contains

some errors, his meaning is clear and not difficult to follow.  Furthermore, it is apparent Petitioner has familiarized himself with legal terminology and the legal issues at stake in this action, such that he is able to provide appropriate citations to authority, and identify specific proceedings and rulings where he believes legal error occurred, and make cogent arguments why he believes error occurred. Furthermore, even if Petitioner had demonstrated he needed counsel, Petitioner did not timely object to the Magistrate Judges' denials of his requests for appointed counsel.  *See* Fed. R. Civ. P. 72(a).

Finally, the Court notes that Petitioner reaffirms his intention not to cure any defects identified in the magistrate judge's report and recommendation ("R&R"), which the Court adopted with some additional clarification after overruling Petitioner's objections.  (Second Motion at 3:23–23 ("[The Magistrate Judge and District Court] would see that there was no need to cure anything. . . ."))

In short, there is no new material in the Second Motion, with regard to which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

## II.    Accusations Against the Court

As a final matter, the Second Motion contains improper remarks regarding the Court and judicial officers.  As noted above, Petitioner accuses the Magistrate Judge of having refused to review the record, when the R&R's numerous specific citations to the record (including lengthy quotations) make obvious to even a casual reader that the Magistrate Judge did review, discuss, analyze, and rely on the record.  Without any basis other than the fact of their adverse rulings, Petitioner accuses the Magistrate Judge and District Court Judge of dishonesty and disregard for justice.  (Second Motion at 2:4–6 ("[T]he court is throwing [out] and dismissing my case as if it [does] not care for justice."); 3:1–4 (accusing the Magistrate Judge and District Court judge of relying on distorted and false state court transcripts and then contending "they did not even review them even if they were to affirm that they did"); 4:8–10 ("their opinions amount to error or lying or simply they fail to read all the reports")).) It is apparent Petitioner himself does not believe his own accusations, because they are contradictory: he first says the transcripts relied on by the Court were distorted, and then accuses the Court of not relying on them, and then contends that their statements they had read the record were false.  (*Id.* at 3:1–4.)

1    Like most litigants, Petitioner no doubt feels strongly that he should prevail.  He is entitled to

2    argue vigorously on his own behalf, and to point out errors he believes the Court has made.  The Court

3    sternly admonishes Petitioner, however, that he must not make scandalous, baseless accusations

4    against the Court in his pleadings.  In particular, he must not make accusations he knows are untrue,

5    as he did against the Magistrate Judge.  **Petitioner is warned that he may be subject to sanctions**

6    **under Fed. R. Civ. P. 11, or held in contempt should he fail to obey the Court's admonition.**

7    **III.    Order**

8    Petitioner's request for an expanded certificate of appealability is **DENIED**.

9

10   **IT IS SO ORDERED**.

11   DATED:  July 21, 2007

12

13   **HONORABLE LARRY ALAN BURNS**
     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28